IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

UNITED STATES OF AMERICA,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　) Criminal Docket
　　　　　　　　　　　　　　　　　　)
　　　vs　　　　　　　　　　　　　　) No. 8:25-cr-311-MSS-TGW-1
　　　　　　　　　　　　　　　　　　)
SHAWN CHAN,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　　)
_____)

Transcript of Initial Appearance/Arraignment Hearing
Heard in Courtroom 12A
Sam M. Gibbons United States Courthouse
801 North Florida Avenue
Tampa, Florida 33602
July 8, 2025 - Tuesday
3:09 p.m. - 3:19 p.m.

BEFORE THE HONORABLE THOMAS G. WILSON

UNITED STATES MAGISTRATE JUDGE

LORI ANN CECIL VOLLMER, CSR, RPR
Federal Official Court Reporter
Sam M. Gibbons United States Courthouse
801 North Florida Avenue, Room 1221
Tampa, Florida 33602
Lori_CecilVollmer@flmd.uscourts.gov
(813) 301-5336

Proceedings transcribed via courtroom digital audio recording
by a court reporter using computer-assisted transcription.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

APPEARANCES

PRESENT ON BEHALF OF THE PLAINTIFF,
THE UNITED STATES OF AMERICA:

    MS. RISHA ASOKAN,
    UNITED STATES ATTORNEY'S OFFICE
    400 North Tampa Street
    Suite 3200
    Tampa, Florida 33602-4798
    (813) 274-6000
    risha.asokan@usdoj.gov

PRESENT ON BEHALF OF THE DEFENDANT,
SHAWN CHAN:

    MR. ADAM BENJAMIN ALLEN,
    FEDERAL PUBLIC DEFENDER'S OFFICE
    400 North Tampa Street
    Suite 2700
    Tampa, Florida 33602-4726
    (813) 228-2715
    adam_allen@fd.org

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PROCEEDINGS

(Open court.)

(Defendant present.)

(Court called to order.)

COURT SECURITY OFFICER:  This honorable court is now in session.

The Honorable Thomas G. Wilson is presiding.

Please be seated.

THE COURT:  At this time we have initial appearances in three cases.  They all appear to be first time appearances. So I have the pleasure of providing the prosecutors with these -- this message under the Due Process Protection Act oral order.

As required by Rule 5(f), the United States is ordered to produce all exculpatory evidence to the defendant pursuant to *Brady versus Maryland* in its progeny.  Failure to do so in a timely manner may result in sanctions, including the exclusion of evidence, an adverse jury instruction, dismissal of charges and contempt proceedings.

Mr. Alan, it's unfortunate you have to keep hearing this stuff over and over.

MR. ALLEN:  I have no problem hearing it.

THE COURT:  Okay.

MR. ALLEN:  I don't have to speak it so I'm -- I'm good just listening.

THE COURT: Okay.

MR. ALLEN: You're the one that has to say it.

THE COURT: Somebody suggested that at my -- it might have been you -- suggested at my funeral somebody is going to recite this.

MR. ALLEN: I think that might have been me.

THE COURT: Okay. First is case number *8:25-cr-311-MSS-TGW*, *United States versus Shawn Chan*.

Which of you is Mr. Chan?

Mr. Chan, in this case, you've been arrested pursuant to a warrant arrest that was based upon an indictment that was returned in this Court, which charges, in essence, that from at least as early as May 26, 2025, through June 3, 2025, Shawn Chan has attempted to harass and intimidate another person, traveled in interstate and foreign commerce from Canada to Orlando, Florida, and in the course of and as a result of such travel engaged in conduct that caused, attempted to cause and would reasonably be expected to cause substantial and emotional distress to Victim 1, in violation of 18 USC 2261(a)(1).

In connection with that charge, let me advise you that you have a right to remain silent. You do not have to make any statement to any law enforcement officer or anyone else concerning that matter.

If you've already made a statement, that does

not mean you've lost your right to remain silent. You can exercise that right at any time.

If you do make a statement, any statement that you make can be used against you.

You have the right to be represented in this case by a lawyer and if you cannot afford to hire a lawyer, one can be appointed for you at no expense to you.

Do you understand those rights that I've explained?

THE DEFENDANT: Yes.

THE COURT: And in connection with this case, do you wish to be represented by a lawyer?

THE DEFENDANT: Yes.

THE COURT: Can you afford to hire your own lawyer?

THE DEFENDANT: No.

THE COURT: Will you fill out this financial affidavit?

THE DEFENDANT: Yes, sir.

THE COURT: Based upon that affidavit, I will appoint the public defender to represent you and Mr. Allen is present from that office.

Mr. Allen, are you prepared to go forward with the arraignment?

MR. ALLEN: Yes, your Honor.

I'm in receipt and Mr. Chan has a copy of the indictment. We waive formal reading of the indictment.

We would enter a plea of not guilty and request Rule 16 discovery.

THE COURT: A plea of not guilty will be entered on behalf of this defendant.

The case will be set for trial before Judge Scriven during a term beginning September 2nd at 9:00 o'clock. Judge Scriven requires status reports on the 15th of each month.

What says the government with respect the matter of bail?

MS. ASOKAN: The government is seeking detention, your Honor.

THE COURT: And what's the basis for that?

MS. ASOKAN: Risk of flight under (f)(2)(A).

THE COURT: Well, that ain't going to get it -- get the job done. I need more information than that.

MS. ASOKAN: Your Honor, this defendant has no ties to this country. He's a Canadian citizen. He came here for the purpose of committing this crime and we don't believe that there are conditions that can reasonably assure his appearance for proceedings in this case.

THE COURT: What is the crime that he's alleged to have committed?

MS. ASOKAN:  Interstate stalking, your Honor.

THE COURT:  I could see that.

What did he do?

MS. ASOKAN:  He went to the victim's house, your Honor, and essentially tried to -- to enter it.  The victim is a celebrity and so there's -- there's more to it than just was stated here in the --

THE COURT:  What?  I can't hear.

MS. ASOKAN:  There's more here than what is stated in the indictment.

THE COURT:  Well, I know that.  So that doesn't help me.

MS. ASOKAN:  Yes.  Your Honor, the --

THE COURT:  I've read the -- I've read the complaint.

MS. ASOKAN:  Yes, your Honor.

THE COURT:  But it doesn't give me a whole lot of information.

MS. ASOKAN:  This defendant learned about the victim's address online and came to this -- to Tampa -- the Tampa area to essentially give his -- give the victim a piece of his mind.  He was feeling disgruntled about something.  And so in the course of doing that, he was at her home, walking around, trying to get inside, and the victim felt very unsafe as a result of that.

THE COURT: Well --

MS. ASOKAN: I do have the case agent here, your Honor, if you'd like to hear more about the facts of the case from him.

THE COURT: Do you want to have him testify or explain it?

MS. ASOKAN: If you -- if you'd like to hear it from him, your Honor.

THE COURT: Well, not necessarily. I think you've added enough to put some color to it, but I'll hear what Mr. Allen has to say.

MR. ALLEN: Your Honor, at -- at this time, I don't have a residence where Mr. Chan could reside. So we'd just reserve on the issue of bond and if I could find a place where he could reside, I will revisit that with the Court.

I will also let the Court know that he has a $75,000 bond in -- in another matter, which he has not been able to post.

THE COURT: He was released on a $75,000 bond?

MR. ALLEN: No, your Honor.

Well, let me -- so -- and I don't know if this is the same offense or not, but I'm looking at the burglary of an unoccupied dwelling charge out of Pasco County. It says $75,000 bond set, but he's not posted it.

THE COURT: Okay.

MR. ALLEN: Maybe that's the same matter --

THE COURT: Is that a state law case?

MR. ALLEN: As I -- as I understand it, yes.

THE COURT: Okay. So -- but at this point, he doesn't have anyplace to reside in this country, is that it?

MR. ALLEN: Correct, not at the moment.

THE COURT: Okay. So under those circumstances, he will be detained, but I'm prepared to have a real sure enough detention hearing when and if he has someplace that he can stay and maybe hear more details.

But at this point, Mr. Chan, you will be detained.

Anything further we need to address with respect to that case?

MS. ASOKAN: No, your Honor.

MR. ALLEN: No, your Honor.

THE COURT: But, Mr. Allen, as you are aware, at the time when I have a full detention hearing, that's all you're going to get, but this isn't one of them. So if --

MR. ALLEN: Yes, sir.

THE COURT: You can come back and seek further consideration.

MR. ALLEN: Yes, sir, thank you.

(Whereupon, the Court adjourned
at 3:19 p.m.)

--ooOoo--

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES DISTRICT COURT  )

                              )

MIDDLE DISTRICT OF FLORIDA    )

REPORTER TRANSCRIPT CERTIFICATE

I, LORI ANN CECIL VOLLMER, Official Court Reporter for the United States District Court, Middle District of Florida, certify pursuant to Section 753, Title 28, United States Code, that the foregoing transcript is a true and correct transcription of the stenographic notes taken by the undersigned in the above-entitled matter, Pages 1 through 10, and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States of America.  I further certify that I am not attorney for, nor employed by, nor related to any of the parties or attorneys to this action, nor financially interested in this action.

IN WITNESS WHEREOF, I have set my hand at Tampa, Florida, this 19th day of September 2025.

/s/ Lori Ann Cecil Vollmer

Lori Ann Cecil Vollmer, CSR, RPR
United States Court Reporter

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION