```
1                IN THE UNITED STATES DISTRICT COURT
2                    MIDDLE DISTRICT OF FLORIDA
3                          TAMPA DIVISION
4
5   UNITED STATES OF AMERICA,    )
                                 )
6            Plaintiff,          ) Criminal Docket
                                 )
7       vs                       ) No. 8:25-cr-311-MSS-TGW-1
                                 )
8   SHAWN CHAN,                  )
                                 )
9            Defendant.          )
    _____)
10
11       Transcript of Initial Appearance/Arraignment Hearing
                     Heard in Courtroom 12A
12           Sam M. Gibbons United States Courthouse
                   801 North Florida Avenue
13                  Tampa, Florida 33602
                   July 8, 2025 - Tuesday
14                  3:09 p.m. - 3:19 p.m.
15           BEFORE THE HONORABLE THOMAS G. WILSON
16               UNITED STATES MAGISTRATE JUDGE
17
                 LORI ANN CECIL VOLLMER, CSR, RPR
18                 Federal Official Court Reporter
             Sam M. Gibbons United States Courthouse
19           801 North Florida Avenue, Room 1221
                      Tampa, Florida 33602
20            Lori_CecilVollmer@flmd.uscourts.gov
                        (813) 301-5336
21
22
23   Proceedings transcribed via courtroom digital audio recording
       by a court reporter using computer-assisted transcription.
24
25
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

|   |   |
|---|---|
| 1 | APPEARANCES |
| 2 |   |
| 3 | PRESENT ON BEHALF OF THE PLAINTIFF, THE UNITED STATES OF AMERICA: |
| 4 | MS. RISHA ASOKAN, UNITED STATES ATTORNEY'S OFFICE |
| 5 | 400 North Tampa Street Suite 3200 |
| 6 | Tampa, Florida 33602-4798 (813) 274-6000 |
| 7 | risha.asokan@usdoj.gov |
| 8 |   |
| 9 |   |
| 10 | PRESENT ON BEHALF OF THE DEFENDANT, SHAWN CHAN: |
| 11 | MR. ADAM BENJAMIN ALLEN, FEDERAL PUBLIC DEFENDER'S OFFICE |
| 12 | 400 North Tampa Street Suite 2700 |
| 13 | Tampa, Florida 33602-4726 (813) 228-2715 |
| 14 | adam_allen@fd.org |
| 15 |   |
| 16 |   |
| 17 |   |
| 18 |   |
| 19 |   |
| 20 |   |
| 21 |   |
| 22 |   |
| 23 |   |
| 24 |   |
| 25 |   |

```
 1                      PROCEEDINGS
 2   (Open court.)
 3   (Defendant present.)
 4   (Court called to order.)
 5           COURT SECURITY OFFICER:  This honorable court is
 6   now in session.
 7           The Honorable Thomas G. Wilson is presiding.
 8           Please be seated.
 9           THE COURT:  At this time we have initial appearances
10   in three cases.  They all appear to be first time appearances.
11   So I have the pleasure of providing the prosecutors with
12   these -- this message under the Due Process Protection Act
13   oral order.
14           As required by Rule 5(f), the United States is
15   ordered to produce all exculpatory evidence to the defendant
16   pursuant to *Brady versus Maryland* in its progeny.  Failure
17   to do so in a timely manner may result in sanctions, including
18   the exclusion of evidence, an adverse jury instruction,
19   dismissal of charges and contempt proceedings.
20           Mr. Alan, it's unfortunate you have to keep
21   hearing this stuff over and over.
22           MR. ALLEN:  I have no problem hearing it.
23           THE COURT:  Okay.
24           MR. ALLEN:  I don't have to speak it so I'm -- I'm
25   good just listening.
```

1         THE COURT:  Okay.
2         MR. ALLEN:  You're the one that has to say it.
3         THE COURT:  Somebody suggested that at my --
4  it might have been you -- suggested at my funeral somebody
5  is going to recite this.
6         MR. ALLEN:  I think that might have been me.
7         THE COURT:  Okay.  First is case number
8  *8:25-cr-311-MSS-TGW*, *United States versus Shawn Chan*.
9         Which of you is Mr. Chan?
10        Mr. Chan, in this case, you've been arrested
11 pursuant to a warrant arrest that was based upon an
12 indictment that was returned in this Court, which charges,
13 in essence, that from at least as early as May 26, 2025,
14 through June 3, 2025, Shawn Chan has attempted to harass
15 and intimidate another person, traveled in interstate and
16 foreign commerce from Canada to Orlando, Florida, and in
17 the course of and as a result of such travel engaged in
18 conduct that caused, attempted to cause and would reasonably
19 be expected to cause substantial and emotional distress to
20 Victim 1, in violation of 18 USC 2261(a)(1).
21        In connection with that charge, let me advise
22 you that you have a right to remain silent.  You do not
23 have to make any statement to any law enforcement officer
24 or anyone else concerning that matter.
25        If you've already made a statement, that does

```
 1  not mean you've lost your right to remain silent.  You
 2  can exercise that right at any time.
 3           If you do make a statement, any statement that
 4  you make can be used against you.
 5           You have the right to be represented in this
 6  case by a lawyer and if you cannot afford to hire a
 7  lawyer, one can be appointed for you at no expense to you.
 8           Do you understand those rights that I've
 9  explained?
10           THE DEFENDANT:  Yes.
11           THE COURT:  And in connection with this case,
12  do you wish to be represented by a lawyer?
13           THE DEFENDANT:  Yes.
14           THE COURT:  Can you afford to hire your own
15  lawyer?
16           THE DEFENDANT:  No.
17           THE COURT:  Will you fill out this financial
18  affidavit?
19           THE DEFENDANT:  Yes, sir.
20           THE COURT:  Based upon that affidavit, I will
21  appoint the public defender to represent you and Mr. Allen
22  is present from that office.
23           Mr. Allen, are you prepared to go forward with
24  the arraignment?
25           MR. ALLEN:  Yes, your Honor.
```

```
 1              I'm in receipt and Mr. Chan has a copy of the
 2   indictment.  We waive formal reading of the indictment.
 3              We would enter a plea of not guilty and request
 4   Rule 16 discovery.
 5              THE COURT:  A plea of not guilty will be entered
 6   on behalf of this defendant.
 7              The case will be set for trial before Judge
 8   Scriven during a term beginning September 2nd at 9:00
 9   o'clock.  Judge Scriven requires status reports on the
10   15th of each month.
11              What says the government with respect the matter
12   of bail?
13              MS. ASOKAN:  The government is seeking detention,
14   your Honor.
15              THE COURT:  And what's the basis for that?
16              MS. ASOKAN:  Risk of flight under (f)(2)(A).
17              THE COURT:  Well, that ain't going to get it --
18   get the job done.  I need more information than that.
19              MS. ASOKAN:  Your Honor, this defendant has no
20   ties to this country.  He's a Canadian citizen.  He came
21   here for the purpose of committing this crime and we don't
22   believe that there are conditions that can reasonably
23   assure his appearance for proceedings in this case.
24              THE COURT:  What is the crime that he's alleged
25   to have committed?
```

1           MS. ASOKAN:  Interstate stalking, your Honor.
2           THE COURT:  I could see that.
3           What did he do?
4           MS. ASOKAN:  He went to the victim's house,
5  your Honor, and essentially tried to -- to enter it.  The
6  victim is a celebrity and so there's -- there's more to
7  it than just was stated here in the --
8           THE COURT:  What?  I can't hear.
9           MS. ASOKAN:  There's more here than what is stated
10 in the indictment.
11          THE COURT:  Well, I know that.  So that doesn't help
12 me.
13          MS. ASOKAN:  Yes.  Your Honor, the --
14          THE COURT:  I've read the -- I've read the
15 complaint.
16          MS. ASOKAN:  Yes, your Honor.
17          THE COURT:  But it doesn't give me a whole lot of
18 information.
19          MS. ASOKAN:  This defendant learned about the
20 victim's address online and came to this -- to Tampa --
21 the Tampa area to essentially give his -- give the victim
22 a piece of his mind.  He was feeling disgruntled about
23 something.  And so in the course of doing that, he was at
24 her home, walking around, trying to get inside, and the
25 victim felt very unsafe as a result of that.

1          THE COURT:  Well --
2          MS. ASOKAN:  I do have the case agent here,
3   your Honor, if you'd like to hear more about the facts
4   of the case from him.
5          THE COURT:  Do you want to have him testify or
6   explain it?
7          MS. ASOKAN:  If you -- if you'd like to hear
8   it from him, your Honor.
9          THE COURT:  Well, not necessarily.  I think
10  you've added enough to put some color to it, but I'll hear
11  what Mr. Allen has to say.
12         MR. ALLEN:  Your Honor, at -- at this time, I
13  don't have a residence where Mr. Chan could reside.  So
14  we'd just reserve on the issue of bond and if I could
15  find a place where he could reside, I will revisit that
16  with the Court.
17         I will also let the Court know that he has a
18  $75,000 bond in -- in another matter, which he has not been
19  able to post.
20         THE COURT:  He was released on a $75,000 bond?
21         MR. ALLEN:  No, your Honor.
22         Well, let me -- so -- and I don't know if this is
23  the same offense or not, but I'm looking at the burglary of
24  an unoccupied dwelling charge out of Pasco County.  It says
25  $75,000 bond set, but he's not posted it.

```
 1                THE COURT:  Okay.
 2                MR. ALLEN:  Maybe that's the same matter --
 3                THE COURT:  Is that a state law case?
 4                MR. ALLEN:  As I -- as I understand it, yes.
 5                THE COURT:  Okay.  So -- but at this point, he
 6    doesn't have anyplace to reside in this country, is that
 7    it?
 8                MR. ALLEN:  Correct, not at the moment.
 9                THE COURT:  Okay.  So under those circumstances,
10    he will be detained, but I'm prepared to have a real sure
11    enough detention hearing when and if he has someplace that
12    he can stay and maybe hear more details.
13                But at this point, Mr. Chan, you will be detained.
14                Anything further we need to address with respect
15    to that case?
16                MS. ASOKAN:  No, your Honor.
17                MR. ALLEN:  No, your Honor.
18                THE COURT:  But, Mr. Allen, as you are aware,
19    at the time when I have a full detention hearing, that's
20    all you're going to get, but this isn't one of them.  So
21    if --
22                MR. ALLEN:  Yes, sir.
23                THE COURT:  You can come back and seek further
24    consideration.
25                MR. ALLEN:  Yes, sir, thank you.
```

1     (Whereupon, the Court adjourned
2      at 3:19 p.m.)
3              --ooOoo--
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

```
1   UNITED STATES DISTRICT COURT    )
2                                   )
3   MIDDLE DISTRICT OF FLORIDA      )
4
5                REPORTER TRANSCRIPT CERTIFICATE
6
7           I, LORI ANN CECIL VOLLMER, Official Court Reporter
8   for the United States District Court, Middle District of
9   Florida, certify pursuant to Section 753, Title 28, United
10  States Code, that the foregoing transcript is a true and
11  correct transcription of the stenographic notes taken by the
12  undersigned in the above-entitled matter, Pages 1 through 10,
13  and that the transcript page format is in conformance with
14  the regulations of the Judicial Conference of the United States
15  of America.  I further certify that I am not attorney for, nor
16  employed by, nor related to any of the parties or attorneys to
17  this action, nor financially interested in this action.
18           IN WITNESS WHEREOF, I have set my hand at Tampa,
19  Florida, this 19th day of September 2025.
20
21           /s/ Lori Ann Cecil Vollmer
22           Lori Ann Cecil Vollmer, CSR, RPR
             United States Court Reporter
23
24
25
```