UNITED STATES OF AMERICA

v.                                                                    Case No. 8:25-cr-311-MSS-TGW

SHAWN CHAN

_____/

### MOTION FOR LEAVE TO FILE RULE 12.2 NOTICE OUT OF TIME

NOW COMES Defendant, by and through undersigned counsel, and moves this Court for leave to file notice under Fed. R. Crim. P. 12.2(b) out of time.

### MEMORANDUM OF LAW

### BACKGROUND

Mr. Chan is charged with one count of interstate stalking. For each count, the Government's theory at trial will be that Mr. Chan traveled from Canada to Florida to meet a professional wrestler with whom he desired a romantic relationship.

Mr. Chan was indicted on June 25, 2025, (Doc. 3), and counsel was appointed on July 9, 2025, (Doc. 14). The Court entered a pretrial scheduling order, setting a deadline for pretrial motions of May 12, 2025 – almost two months before counsel was appointed. Doc. 17 at 7. Concerned that Mr. Chan was incompetent, defense counsel retained Dr. Debra Goldsmith to examine him for competency. Dr. Goldsmith evaluated Mr. Chan on August 16 and 30, 2025. She completed her report finding him to be competent on September 11, 2025.

After reviewing the discovery and meeting with Mr. Chan, defense counsel came to believe that additional investigation of his mental status was necessary to defend him on the merits. Accordingly, on September 5, 2025, counsel retained Dr. Michelle Ayala to examine Mr. Chan for diminished capacity and insanity. Dr. Ayala scheduled an examination of Mr. Chan for October 17, 2025, but had to cancel for personal reasons. She conducted the examination on October 24, 2025.

On December 22, 2025, Dr. Ayala provided counsel with the attached, 10-page, single-spaced report. Dr. Ayala finds that Mr. Chan suffers from an acute delusional disorder that causes him to believe he is in a romantic relationship with the alleged victim. Dr. Ayala concludes that Mr. Chan was insane at the time of the offense.

## ARGUMENT

This Court should grant the Defense leave to file an out-of-time notice under Rule 12.2(a) and (b) because the delay in obtaining a report from Dr. Ayala and the error in the Court's scheduling order constitute good cause.

> A defendant who intends to assert a defense of insanity at the time of the alleged offense must so notify and attorney for the government in writing within the time provided for filing a pretrial motion, or at any later time the court sets, and file a copy of the notice with the clerk. A defendant who fails to do so cannot rely on an insanity defense. The court may, for good cause, allow the defendant to file the notice late, grant additional trial-preparation time, or make other appropriate orders.

Fed. R. Crim. P. 12.2(a). Further,

> [i]f a defendant intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on . . . the issue of guilt . . . the defendant must–within the time period provided for filing a pretrial motion or at any later time the court sets–notify an attorney for the government in writing of this intention and file a copy of the notice with the clerk. The court may, for good cause, allow the defendant to file the notice late, grant the parties additional trial-preparation time, or make other appropriate orders.

Fed. R. Crim. P. 12.2(b).

The statute under which Mr. Chan is charged prohibits interstate stalking "with the intent to kill, injure, harass, intimidate, or place under surveillance" the victim. 18 U.S.C. § 2261A(1). The Government invokes only the "harass" and "intimidate" means of violating the statute in the indictment. Further, "[i]t is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts." 18 U.S.C. § 17(a).

Testimony by Dr. Ayala about Mr. Chan's delusional disorder is relevant for two purposes. First, it is necessary to establish Mr. Chan's insanity under § 17. Second, it is necessary to negate Mr. Chan's specific intent under § 2261A. "A defendant can attempt to introduce psychiatric evidence to negate specific intent

when such is an element of the offense charged." *United States v. Ettinger*, 344 F.3d 1149, 1153 (11th Cir. 2003) (citing *United States v. Cameron*, 907 F.2d 1051, 1063 (11th Cir. 1990)). "Admitting psychiatric evidence to negate *mens rea* does not constitute a defense, but only negates an element of the offense." *Id.* (citing *Cameron*, 907 F.2d at 1065). "If successful, the diminished-mental-capacity approach defeats the government's effort to prove every element of the offense beyond a reasonable doubt, by demonstrating that the defendant did not, at the time of the offense, have the specific intent required to commit the crime." *United States v. Lawson*, 459 F. Supp. 2d 1192, 1195 (M.D. Ala. 2006). Here, Dr. Ayala's testimony would undermine the Government's evidence of specific intent by showing that he sincerely believed he was in a romantic relationship with the alleged victim, a belief generally inconsistent with the intent to harass or intimidate.

Finally, good cause exists to file the required notice late. Counsel acted diligently to investigate Mr. Chan's mental status. The delay was caused by Dr. Ayala's schedule and the need to complete the report. Given the thoroughness of Dr. Ayala's examination and report, a delay of this sort is to be expected. In any event, the Defense could not have complied with the Court's deadline because it passed before Mr. Chan was indicted. To the extent the Government is in some way prejudiced by a late filing of the notice, the Court may continue the trial to allow for additional trial preparation time under Rule 12.2(a) and (b), in particular to allow the

4

Government to conduct its own examination of Mr. Chan. *See* Fed. R. Crim. P.

12.2(c)(1)(B) (allowing the Government to move for the defendant's examination).

Accordingly, the Court should grant Mr. Chan leave to file the notice out of time.

DATED this 23rd day of December 2025.

Respectfully submitted,

CHARLES L. PRITCHARD, JR.
FEDERAL PUBLIC DEFENDER

*/s Samuel E. Landes*
Samuel E. Landes
D.C. Bar No. 1552625
Assistant Federal Public Defender
400 North Tampa Street
Suite 2700
Tampa, Florida 33602
Telephone:  (813) 228-2715
Facsimile:   (813) 228-2562
Email:  Samuel_Landes@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd of December 2025, a true and correct

copy of the foregoing was filed with the Clerk of the Court using the CM/ECF

system, which will send a notice of the electronic filing to:

AUSA Lindsey N. Schmidt.

*/s Samuel E. Landes*
Samuel E. Landes
Assistant Federal Public Defender

5