UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA          CASE NO. 8:25-cr-00311-MSS-TGW

v.

SHAWN CHAN

**UNITED STATES'S OPPOSITION TO DEFENDANT'S MOTION FOR
LEAVE TO FILE UNTIMELY RULE 12.2 NOTICE**

The United States of America, by Gregory W. Kehoe, United States Attorney
for the Middle District of Florida, opposes Shawn Chan's Motion for Leave to File
an Untimely Rule 12.2 Notice. Doc. 47. For the reasons set forth below, Chan's
motion should be denied, and the testimony of Dr. Michelle Ayala should be
excluded at trial.

## I.      PROCEDURAL POSTURE

On June 6, 2025, United States Magistrate Judge Christopher P. Tuite signed
a criminal complaint for Chan's arrest in the Middle District of Florida. Doc. 1. A
few weeks later, on June 25, 2025, a grand jury returned an Indictment for one count
of Interstate Stalking, in violation of 18 U.S.C. § 2261A. Doc 3. Chan was arraigned
on July 8, 2025, and ordered detained pending trial.

On August 20, Chan moved to reopen his detention hearing. Doc. 22. A few
weeks later, the Magistrate Judge held a hearing on Chan's Motion to Reopen the
Detention Hearing and for Chan's release. Doc. 31. The Magistrate Judge denied
Chan's motion. *Id*. Almost immediately, Chan filed a Motion to Revoke the

Magistrate Judge's Detention Order. Doc. 33. On September 25, this Court held a hearing on Chan's Motion. Doc. 39.

At the hearing on his Motion to Revoke the Magistrate Judge's Detention Order, Chan argued, among other things, that the weight of the United States's evidence was weak because he suffers from "delusional disorder". Doc. 51 at 6. This disorder, Chan argued, made him believe that he has a relationship with his stalking victim, and therefore, he did not travel with the intent to harass or intimidate his victim. *Id*. This Court was unpersuaded, and Chan was ordered to remain detained pending trial.

On December 16, 2025, the Court ordered the parties to file a Status Report regarding their availability for a date certain trial beginning January 12, 2026. Doc. 45. In the report, the United States explained that Chan had recently advised the United States that Chan would be filing a Rule 12.2 Notice that he intends to introduce expert evidence at trial relating to a mental disease or defect or any other mental condition of the defendant bearing on the issue of guilt. Doc. 46 at 1. The United States previewed for the Court that this notice would be untimely, and the United States intended to ask the Court to exclude Chan's mental health expert (and evidence of his delusional disorder) at trial. *Id*. But to the extent the Court was inclined to allow this expert testimony, the United States would ask the Court to continue trial and order Chan be examined pursuant to the procedures set forth in Rule 12.2. *Id*.

On December 23, 2025, the defendant filed motion for leave to file a delayed

Federal Rule of Criminal Procedure 12.2 (a) and (b) Notice. In the motion, Chan explained that, at trial, he intends to introduce expert evidence relating to an insanity defense as well as expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on the issue of guilt. Doc. 47 at 3. Specifically, Chan argued that he suffers from "delusional disorder" and intends to introduce expert mental health evidence at trial for two reasons: (1) to demonstrate that he was insane at the time of the offense, and (2) to negate the specific intent element under section 2261A. *Id.* at 3-4.

The case is currently on the Court's January 2026 trial calendar.[1]

## II. LEGAL STANDARD

Rule 12.2(a) provides in relevant part, "[i]f a defendant intends to rely upon the defense of insanity at the time of the alleged offense, the defendant *shall*, within the time provided for the filing of pretrial motions or at such later time as the court may direct, notify the attorney for the government in writing of such intention and file a copy of such notice with the clerk." (emphasis added).

Similarly, the Federal Rules of Criminal Procedure permit defendants "to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on ... the issue of guilt ... within the time provided for filing a pretrial motion" so long as the defendant "notif[ies] an attorney for the government in writing of this intention and file[s] a copy of the notice with the

---

[1] As explained above, Chan was arraigned on July 8, 2025. By the United States's calculation, after considering the excludable days and the Court's ends of justice findings, 26 days remain under the Speedy Trial Act.

clerk." Fed. R. Crim. P. 12.2(b).

A notice made under Rule 12.2(b) permits, but does not compel, the Court to grant a request by the government to "order the defendant to be examined under procedures ordered by the court." Fed. R. Crim. P. 12.2(c)(1)(B). On the other hand, notice made under Rule 12.2(a) requires that the Court order the defendant to be examined under 18 U.S.C. § 4242. *Id.*

Under either provision, however, Rule 12.2 requires that notice of intent to introduce expert evidence of a mental condition must be filed by the defendant "within the time provided for filing a pretrial motion or at any later time the court sets." Fed. R. Crim. P. 12(a), (b). A defendant who fails to comply with this provision may not raise insanity as a defense at trial or present expert evidence of a mental condition without demonstrating "good cause" for the belated filing. *Id.* If good cause does not exist, under Federal Rule of Criminal Procedure 12.2(d)(1), the court may exclude any expert evidence at trial based on the defendant's failure to give timely notice.

### III. ARGUMENT

At trial, Chan intends to introduce expert evidence relating to an insanity defense as well as expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on the issue of guilt. Doc. 47 at 3. Introducing evidence of either, however, requires timely notice pursuant to Federal Rule of Criminal Procedure 12.2(a) (*i.e.*, Notice of an Insanity Defense) and 12.2(b) (Notice of Expert Evidence of a Mental Condition). There is no dispute that Chan's

Rule 12.2 disclosures—which, once filed, will be more than seven months after the deadline to file pre-trial motions has passed, five months after Chan's arraignment, more than two months since Chan first told the Court he was suffering from "delusional disorder," and less than 20 days before the Court's proposed date certain trial date—are untimely. Recognizing as much, Chan contends that "good cause exists" to allow his belated notice under Rule 12.2(a) and (b) because the "delay was caused by Dr. Ayala's schedule and need to complete the report." Doc. 47 at 2.

### a. Chan has Failed to Establish Good Cause For his Untimely Rule 12.2(b) Notice

Chan's argument—particularly as to the good cause for his failure to Notice of Expert Evidence of a Mental Condition under Rule 12.2(b)—ignores the fact that Chan was aware of his delusional disorder and its purported impact on Chan's culpability before Dr. Ayala was even retained, and well before Chan asked the Court for leave to file his late Rule 12.2 Notice. Doc. 47. Indeed, at least as of September 17, 2025, in support of his motion to revoke the Magistrate Judge's Detention Order, Chan suggested that the United States's evidence was weak because he "suffers from a delusional disorder." Doc. 33 at 1, 5. More specifically, Chan argued that his "sincere delusions severely undercuts any argument by the Government that his intent was to harass or intimidate" his Victim. *Id*. Chan reiterated that argument at the September 25 hearing on Chan's Motion to Revoke the Magistrate Judge's release order. There, Chan explained that he suffers from "a delusional disorder" which "causes him to have a sincere belief that he's in this

5

friendly relationship with [his Victim]." Doc. 51 at 6.

Chan also explained that "the Government's burden at trial would be to prove that he intended to harass or intimidate this person, but because he has a sincere delusion, he thought this is just somebody he could come calling on, and so his incentive is not to flee, his incentive is to come to trial and seek his own acquittal." *Id*. And Chan did not stop there. He went on to tell the Court that he was "evaluated, and that… the diagnosis was delusional disorder" and that mental health expert concluded that Chan "was competent to proceed to trial and that he suffers from a delusional disorder." Doc. 51 at 9, 11.

In other words, at least as of September 2025, Chan was evaluated by a mental health expert, a formal report was authored, and the conclusion of that report was that Chan suffered from delusional disorder: the *very same* disorder he now seeks to introduce expert evidence as to the issue of guilt. But Chan knew that he intended to use the delusional disorder diagnosis as a defense at trial months ago. *See* Doc. 33 at 5.; Doc 51 at 9 (arguing that the United States could not meet its burden on intent and therefore, the United States's could not prove its case). Chan could have, and should have, filed his Rule 12.2(b) Notice. There is no reason—much less good cause—for Chan's failure to do so. The Court should deny Chan's request for leave to file untimely notice pursuant to Rule 12.2(b).

### b. Chan has Failed to Establish Good Cause For his Untimely Rule 12.2(a) Notice

Chan's argument regarding his failure to provide notice of an insanity defense

fares no better. To begin, and as explained above, Chan was aware of his delusional disorder diagnosis in September following Dr. Goldsmith's evaluation. And while Dr. Goldsmith did not conclude that Chan was insane at the time of the offense, she did determine that the story of the events leading to the charges appeared delusional in nature, and opined that Chan suffered from a delusional disorder. Doc. 51 at 11. These conclusions provided Chan with the information needed to—at the very least—notify the United States that he intended to introduce an insanity defense at trial. Like Chan's Rule 12.2(b) Notice, Chan should have filed his Rule 12.2(a) Notice in September.

Relatedly, to the extent that Chan contends that he could not provide the United States with Notice under Rule 12.2(a) until Dr. Ayala finalized the report and concluded that Chan was insane at the time of the offense, nothing in Rule 12.2, requires that the expert's conclusions must be filed simultaneously with the Rule 12.2 notice. In fact, Rule 12.2 does not require the disclosure of the expert's opinions regarding an insanity defense at all.[2] Instead, Rule 12.2(a) only requires a defendant to file a notice of his intent to introduce expert evidence "to give the government time to prepare to meet the issue, which will usually require reliance upon expert testimony." *See* Advisory Notes, Fed. R. Crim. P. 12.2.

The reason for the notice requirement is that "[f]ailure to give advance notice commonly results in the necessity for a continuance in the middle of a trial, thus

---

[2] Chan's obligations to provide the United States with this information is under Rule 16(b)(1)(C)(iii)—not Rule 12.2. Indeed, under Rule 16(b)(1)(C)(iii) Chan must provide the United States "a complete statement of all opinions that the defense will elicit from the witness in the defendant's case-in-chief [and] the bases and reasons for them."

unnecessarily delaying the administration of justice." *Id.* Allowing Chan to file his late Rule 12.2(a) Notice will result in the very delay that the Rule 12.2 is intended to protect against. Indeed, as soon as Chan files his notice of intent to introduce an insanity defense, the United States will make a motion for its own examination under 18 U.S.C. § 4242, and the court *must* order that Chan be examined. Fed. R. Crim. P. 12.2(c)(1)(B) (emphasis added). To allow adequate time for this examination, a continuance will be necessary, and the administration of justice will be delayed. *See* Advisory Notes Fed. R. Crim. P. 12.2.

Taken together, good cause does not exist, and the Court should deny Chan's request for leave to file untimely notice pursuant to Rule 12.2(a).

## CONCLUSION

For the reasons set forth above, good cause does not exist to permit Chan's untimely Rule 12.2(a) and (b) Notice. The Court should deny Chan's motion for leave and exclude testimony expert evidence on the issue of the defendant's mental disease, mental defect, or any other mental condition bearing on the defendant's guilt.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:  */s/ Lindsey Schmidt*
Lindsey Schmidt
Assistant United States Attorney
United States Attorney No. 222
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Lindsey.Schmidt@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 6, 2026, I electronically filed the foregoing, along with a proposed order, with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties.

By:    */s/ Lindsey Schmidt*
Lindsey Schmidt
Assistant United States Attorney
United States Attorney No. 222
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Lindsey.Schmidt@usdoj.gov